**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Randy Stedman, Lanell Stedman, and Arlo Stedman, | ) )  **ORDER GRANTING PETITIONERS'** |
| Petitioners, | ) **MOTION TO DISMISS** ) **COUNTERCLAIM, DENYING** ) **RESPONDENT'S MOTION FOR STAY,** |
| vs. | ) **AND CONFIRMING ARBITRATION** ) **AWARD** |
| Great American Insurance Company, | ) ) Case No. 4:06-cv-101 |
| Respondent. | ) |

_____

Before the Court are two motions - the Respondent's Motion to Stay filed on January 10, 2007, and the Petitioners' Motion to Dismiss Counterclaim filed on January 29, 2007. For the following reasons, the Court grants the motion to dismiss the counterclaim, denies the motion to stay as moot, and confirms the arbitration award.

**I.   BACKGROUND**

The petitioners, Randy Stedman, Lanell Stedman, and Arlo Stedman ("Stedmans"), conduct a farming operation in Foster County, North Dakota. The Stedmans purchased federal crop insurance policies for the 2004 crop year from the respondent, Great American Insurance Company ("Great American"). The insurance policies issued were for Multiple Peril Crop Insurance and Revenue Assurance Insurance. Both policies contain an arbitration provision providing for arbitration in accordance with the rules of the American Arbitration Association. The arbitration clause provides as follows:

> 20. Arbitration, Appeals, and Administrative Review
>
> (a) if you and we fail to agree on any factual determination made by us, the disagreement will be resolved in accordance with the rules of the American Arbitration Association. Disputes regarding the amount of assigned production for uninsured causes for your failure to use good farming practices must be resolved under this subsection.

See Docket No. 1-2, pp. 2, 4.

In 2004, the Stedmans submitted a claim for losses under the crop insurance policies. See Docket No. 15. Great American paid Arlo Stedman $7,745 for losses incurred under his policy, but later denied coverage and sought return of the paid claim. Great American calculated losses under Randy Stedman and Lanell Stedman's policies in the amount of $157,331.00, but denied coverage. See Docket Nos. 1-1, ¶ 16 and Docket No. 15, ¶ 14. Great American denied the Stedmans' claims for the 2004 crop year because, according to Great American, the Stedmans had provided insufficient production records and the yields were uncommon to the area. The Stedmans submitted a demand for arbitration. They contended that sufficient production records had been submitted and that Great American may not deny the claims based on a determination that their yields were uncommon to the area because that is not a valid contractual reason to deny a federal crop insurance claim.

An arbitration hearing was conducted in June 2006, and evidence of the calculated losses was introduced at the hearing. On August 8, 2006, an arbitration award in favor of the Stedmans was issued. See Docket No. 1-1, p. 2. The arbitration award provided in relevant part as follows:

> 21. The insured has demonstrated damage to the barley, canola, flax, and soybeans from adverse weather conditions.
>
> 22. The claimed yields of the insured are not common to the area, nor are they consistent with [United States Department of Agriculture Risk Management Agency] data or any other statistical probabilities. However, Great American has failed to

2

      show where either the MPCI or the RAI policy allow denial of a claim based upon crop yields being uncommon to the area.

      \*\*\*

      24.   Evidence of sales, summary sheets, settlement sheets, individual weight tickets/receipts and load slips are acceptable production records. The records should show the producer's name, commodity, buyer or storing, facility, transaction or delivery date, and quantity.

      25.  In the absence of fraud, the records produced by the insured are sufficient to support their claims.

      26.  In the absence of fraud, the insured are owed indemnity according to the terms of the policy.

See Docket No. 1-3, p. 8.  On December 15, 2006, the Stedmans filed a petition to confirm the arbitration award and enter judgment.  See Docket No. 1-1.

      **A.**    **MOTION TO STAY**

      On January 3, 2007, Great American requested that the United States Department of Agriculture Risk Management Agency ("Risk Management Agency") issue a Final Agency Determination regarding the validity of Great American's claim denial for the reason that "yields were uncommon to the area." See Docket No. 9-1.  On January 10, 2007, Great American filed a motion to stay this Court's action pending a determination by the Risk Management Agency.  See Docket No. 9.

      The Risk Management Agency provides final agency determinations on the interpretation of any provision of the Federal Crop Insurance Act or the regulations promulgated thereunder. Great American anticipates that the Final Agency Determination will declare that "yields uncommon to the area" is a valid contractual reason to deny a federal crop insurance claim. See Docket No. 9-1.

3

Great American also contends that a determination by the Risk Management Agency is final and binding on the Stedmans. On January 30, 2007, the Stedmans filed a response to the motion to stay and argued that final agency determinations are not issued based on specific factual situations, and that agency determinations do not have retroactive effect in cases that have been resolved through arbitration.

### B.     MOTION TO DISMISS COUNTERCLAIM

On January 10, 2007, Great American filed an answer and a counterclaim. See Docket No. 7. Great American's counterclaim includes a petition to vacate the arbitrator's award, a request for declaratory judgment, and a request for recovery of overpayment. See Docket No. 7. On January 29, 2007, the Stedmans filed a motion to dismiss the counterclaim contending that it is barred by 9 U.S.C. § 12 because a motion to vacate, modify, or correct an arbitration award must be served upon an adverse party within three months after the award is filed or delivered. See Docket No. 11.

On March 2, 2007, Great American filed an amended counterclaim in which it added two affirmative defenses, changed the request to vacate the arbitrator's award to a "Petition to Confirm Arbitrator's Award," and amended the allegations and claims under the request to confirm the arbitrator's award. See Docket No. 15. On March 5, 2007, Great American filed a response to the motion to dismiss the counterclaim and argued that the arbitration award should be confirmed to the extent it is confirmable. See Docket No. 16. In its response, Great American points out portions of the arbitration award that should not be confirmed or enforced. Great American contends that the Court is barred from confirming certain portions of the arbitration award because the arbitrator

exceeded his scope of authority and because the award is ambiguous, conditional, or indefinite. On March 15, 2007, the Stedmans filed a reply to Great American's response.

## II.  LEGAL DISCUSSION

### A.  JURISDICTION

It is well-established that federal law, specifically the Federal Arbitration Act, applies to this action, but the Federal Arbitration Act does not establish an independent basis for jurisdiction. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). There must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court may rule on an arbitration issue under the Federal Arbitration Act. Id. It is undisputed that jurisdiction in this case is based on diversity of citizenship and amount-in-controversy. See 28 U.S.C. § 1332 and Docket Nos. 1-1 and 15.

It is clear that jurisdiction over the Federal Arbitration Act's confirmation proceedings require that the parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 1. In the insurance policy in force between Great American and the Stedmans, the parties agreed to conduct arbitration in accordance with the rules of the American Arbitration Association. Rule 48(c) of the American Arbitration Association provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction

thereof." Thus, consent to arbitrate in accordance with the American Arbitration Assocation's rules constitutes consent to have judgment of the arbitration award entered in federal court. See Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 639 F.2d 386, 389 (7th Cir. 1981).

### B. MOTION TO DISMISS COUNTERCLAIM

Section 9 of the Federal Arbitration Act provides that:

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (1999).  9 U.S.C. § 10 grants a federal district court authority to vacate an arbitration award under four limited circumstances upon application of a party to the arbitration.  9 U.S.C. § 11 grants a federal district court authority to modify or correct an arbitration award under three limited circumstances upon application of a party to the arbitration.  However, 9 U.S.C. § 12 contains a statute of limitations for motions to vacate, modify, or correct arbitration awards.  **It requires that notice of a motion to vacate, modify, or correct an arbitration award must be served upon the adverse party within three months after the award is filed or delivered.**

The arbitrator selected by the parties to this dispute served the arbitration award on the parties by mail on August 6, 2006.  It is undisputed that no motion to vacate, modify, or correct the arbitration award was filed or served by any party to the arbitration within three months of the date the award was filed or delivered.  Thus, it is clear that the statute of limitations for such motions has run.

It is well-settled in the Eighth Circuit that a failure to file a motion to vacate, modify, or correct an arbitration award within the statutory time period waives any defenses to confirmation

that may be asserted in a timely motion to vacate.  Domino Group v. Charlie Parker Mem'l Found., 985 F.2d 417, 419 (8th Cir. 1993); Sheet Metal Workers Local Union 36 v. Systemaire, 241 F.3d 972, 975 (8th Cir. 2001); Val-U Constr. Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 579 (8th Cir. 1998); Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981).

On January 10, 2007, more than five months after the filing and delivery of the arbitration award, Great American filed an answer and a counterclaim.  The answer contained numerous affirmative defenses, and the counterclaim contained a petition to vacate the arbitration award, a request for declaratory judgment, and a request for recovery of overpayment.  On January 29, 2007, the Stedmans filed a motion to dismiss the counterclaim as untimely and barred under 9 U.S.C. § 12.

### 1.  **PETITION TO CONFIRM**

On March 2, 2007, Great American filed an amended counterclaim in which it renamed its previous petition to vacate the arbitration award as a "Petition to Confirm Arbitrator's Award." Great American also amended the allegations and claims under the request to confirm the arbitrator's award and now seeks to have portions of the award confirmed and other portions of the award stricken as unenforceable.  See Docket No. 15.

The Stedmans contend that by calling the motion to vacate a petition to confirm, Great American is simply changing the characterization of its pleading and asking the Court to honor form over substance.  The Court agrees that Great American's petition to confirm requests the same action as the motion to vacate contained in the original counterclaim.  The Court expressly finds that Great American's recharacterization of its initial motion to vacate, amend, or correct the arbitration award

as a motion to confirm "to the extent confirmable" is nothing more than a change of form over substance and will be treated as a petition to vacate, modify, or correct.

In its amended counterclaim, Great American includes a petition to confirm and contends that the portions of the arbitrator's award that are indefinite or ambiguous, and the portions of the award which are beyond the arbitrator's authority, should be vacated while the remainder of award should be confirmed. Great American relies on RGA Reinsurance Co. v. Ulico Cas. Co., 355 F.3d 1136, 1139 (8th Cir. 2004), in support of the theory that the Court may confirm only the portions of the award that are unambiguous. In RGA Reinsurance, the district court confirmed an arbitration award requiring RGA to pay Ulico $14.5 million. RGA sought confirmation of the award and an offset of $4.7 million dollars. Ulico filed a motion to dismiss and contended that the requested offset was an untimely modification under 9 U.S.C. § 12. The district court denied the motion to dismiss and confirmed the arbitration award with the additional $4.7 million offset. The district court held that the arbitration order was readily capable of ministerial computation by the court and was consistent with a confirmation proceeding under the Federal Arbitration Act. 355 F.3d 1136, 1138.

The Eight Circuit affirmed the district court and held that "a court may confirm an award by crafting specific relief 'consistent with the intent of the arbitrators.'" Id. at 1139 (citing Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992) (providing that an award was not fatally indefinite where the arbitrator resolved all claims and left to the district court only the ministerial computation of the amount owed)). However, Great American seeks more than a mere ministerial computation of the amount owed. It also seeks relief directly opposed to the intent of

the arbitrator. The Court finds that RGA Reinsurance does not stand for the broad proposition that the Court may selectively confirm and/or vacate portions of an arbitration award.

Great American contends that portions of the arbitrator's award which it characterizes as indefinite or ambiguous, and portions of the award it asserts are beyond the arbitrator's authority, should be vacated. The Court finds no merit to this argument. Great American's defenses to the arbitration award could have been raised as grounds to vacate the award if such defenses were raised in a timely manner. The Court finds that the failure to file a motion to vacate, modify, or correct the arbitration award within the prescribed three-month time period precludes Great American from seeking affirmative relief in a subsequent action. The clear import of the three-month limitation period is that challenges to an arbitration award are to be pursued in a timely motion to vacate, modify, or correct the award rather than raised in a belated manner as affirmative defenses, or raised as counterclaims based upon statutory grounds sufficient to support a motion to vacate the arbitration award, or raised in a belated petition to confirm the award. The failure to move to vacate the arbitration award within the prescribed time period precludes Great American from seeking affirmative relief in a later action designed to seek the same result.

      **a.**   **POSSIBLE EXCEPTIONS TO THE THREE MONTH STATUTE OF LIMITATIONS**

Despite the contention that the Court should vacate portions of the arbitration award as exceeding the scope of the arbitrator's authority, Great American has failed to provide any case law to support the existence of an exception to the three-month statute of limitations which bars untimely defenses to a motion to confirm. After an exhaustive search, the Court has found only two instances which have addressed the possible existence of such an exception.

### I.      NEW YORK STATE LAW

In <u>Brijmohan v. State Farm Ins. Co.</u>, N.E.2d 414, 415 (N.Y. 1998), the Court of Appeals for the State of New York held that "[a] limitation on the arbitrator's power will not be waived if the party relying on it asserts it at Special Term in opposition to an application for confirmation." (citations omitted). However, the Second Circuit has refused to incorporate New York state courts' interpretations of state arbitration statutes. See <u>Assoc. Musicians of Greater N.Y. v. Parker Meridien</u>, 145 F.3d 85, 88 (2nd Cir. 1998) (rejecting New York's judicial interpretations of N.Y. CPLR 7511(a) (McKinney 1998)). The Second Circuit provided:

> The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. Thus, when a party to an arbitration believes that he has been prejudiced in the proceedings by behavior that the [FAA] condemns he must bring a motion to vacate within the allotted time. When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.

<u>Id.</u> at 89 (citations omitted). The Second Circuit went on to cite to the Seventh Circuit which reasoned that:

> a defendant's failure to move to vacate [an] arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award. This holding is intended to enhance the speed and effectiveness of arbitration, to provide fair review of the arbitrator's decision, and to preclude the losing party from dragging out proceedings in order to dilute the integrity of the arbitration award.

<u>Id.</u> (citing <u>Teamsters Local No. 579 v. B & M Transit, Inc.</u>, 882 F.2d 274, 276-278 (7th Cir. 1989)). Thus, the Second Circuit held that the strong federal policy of preventing untimely affirmative defenses from being raised as grounds for vacating an arbitration award overrides the New York state policy.

### ii.      EIGHTH CIRCUIT DICTA

The Eighth Circuit, in Domino Group v. Charlie Parker Mem'l Found., 985 F.2d 417, 420 n.1 (8th Cir. 1993), noted in dicta that an arbitration award outside the scope of the arbitrator's authority may create a possible exception to the rule requiring a court to confirm an arbitrator's award unless the award is vacated, amended, or corrected as prescribed in the Federal Arbitration Act.  However, subsequent Eighth Circuit cases have uniformly cited to Domino for the rule that failure to file a motion to vacate, modify, or correct within three months of the award waives any defenses to confirmation that might be asserted in a timely motion to vacate.  See Val-U Contr. Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 579 (8th Cir. 1998) (citing to Domino); Sheet Metal Workers Local Union 36 v. Systemaire, 241 F.3d 972, 975 (8th Cir. 2001) (citing to Domino and rejecting respondent's untimely defenses to a petition to confirm without addressing the merits of the arguments).

Absent clear authority from the Eighth Circuit, the Court is unwilling to significantly depart from the uniform holdings in the Eighth Circuit and contravene the strong federal policy of finality from arbitration.  The Court finds, as a matter of law, that the failure to file a motion to vacate, modify, or correct the arbitration award within three months after the award was filed or delivered precludes Great American from seeking affirmative relief or raising any defenses to the arbitration award that could have been raised in a timely motion to vacate, including that the arbitrator's decision was beyond the scope of his authority or that the award was ambiguous or indefinite.  This holding is intended to prevent the losing party from dragging out the proceedings and afford the successful party the right to assume the arbitration award is valid.

      **2.**      **REQUEST FOR DECLARATORY JUDGMENT AND RECOVERY OF OVERPAYMENT**

Great American's counterclaim also seeks a declaratory judgment and recovery of overpayment. Great American contends that, notwithstanding the arbitration award, the Stedmans' claims are subject to denial or further adjustment because "yields uncommon to the area" is a valid basis for the denial of coverage, and other policy provisions allow for indemnity adjustments even after the issuance of the arbitration award. The Stedmans contend that Great American may not attack the arbitration award through a declaratory judgment action after the three-month limitations period to file a motion to vacate, modify, or correct the award has expired.

As previously noted, the failure to move to vacate, modify, or correct the arbitration award prior to November 8, 2006, precludes Great American from seeking affirmative relief in a subsequent action to enforce the award. Great American's request for declaratory judgment and the recovery of any overpayments is another untimely effort to obtain affirmative relief. The Court finds that Great American's declaratory judgment action and the request for the recovery of overpayments are time-barred. Great American's counterclaim does nothing more than raise defenses to the arbitration award that could have been raised in a timely motion to vacate. The Court dismisses the counterclaim as untimely under 9 U.S.C. § 12.

      **C.**      **CONFIRMATION OF THE ARBITRATION AWARD**

Section 9 of the Federal Arbitration Act states that "the court <u>must</u> grant [an order to confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). Further, an action to confirm an arbitration award should be a summary proceeding. <u>Cullen v. Paine, Webber, Jackson & Curtis, Inc.</u>, 863 F.2d

12

851, 854 (11th Cir. 1989). Great American has failed to file a timely motion to vacate, modify, or correct the arbitration award. Therefore, the arbitration award is confirmed and upheld as valid.

The arbitration award provided that, "[i]n the absence of fraud, the insured are owed indemnity according to the terms of the policy." Great American contends that the Stedmans' are not entitled to the entry of a judgment because the arbitrator did not award money damages. The record reveals that losses or damages sustained by Randy Stedman and Lanell Stedman were calculated by Great American in the amount of $157,331.00, and introduced at the arbitration hearing. See Docket Nos. 1-1, ¶ 16 and Docket No. 15, ¶ 14. It is undisputed that Great American paid Arlo Stedman $7,745.00 for losses sustained under his crop insurance policy, and then subsequently sought the return of this amount. See Docket Nos. 1-1, ¶ 18 and 15, ¶ 16.

Although the arbitration award did not specifically delineate the amount of loss or damages owed to the Stedmans, it is undisputed that the arbitrator was aware of the calculated losses as determined by Great American. The Court finds that an award of damages as originally calculated by Great American is consistent with the intent of the arbitrator.[1]

### III.   CONCLUSION

In summary, the Court finds that Great American's affirmative defenses and counterclaims to the arbitrator's award are barred as untimely under 9 U.S.C. § 12. In order to attack the validity of the arbitration award, Great American needed to file a motion to vacate, modify, or correct the arbitration award on or before November 8, 2006, which was three months after the award was filed

---

[1] The Court notes that setting the amount is ministerial and within the Court's authority upon ruling on a petition to confirm. See RGA Reinsurance Co. v. Ulico Cas. Co., 355 F.3d 1136. 1139 (8th Cir. 2004) (holding that a court may confirm an award by crafting specific relief consistent with the intent of the arbitrators).

or delivered.  It is now too late for Great American to attack the decision of the arbitrator and the arbitration award through an untimely motion to vacate, the filing of a counterclaim, a request for a declaratory judgment, or through affirmative defenses.  As a result, the Court **GRANTS** the Petitioners' motion to dismiss (Docket No. 10) and Great American's counterclaim (Docket No. 15) is **DISMISSED**.

The Court **CONFIRMS** the award of the arbitrator, and directs the entry of judgment for petitioners Randy Stedman and Lanell Stedman in the amount of $157,331.00, and for Arlo Stedman in the amount of $7,745.00 against the respondent, Great American Insurance Company.  Randy Stedman and Lannell Stedman are granted pre-judgment interest as provided for under the terms of the crop insurance policies and post-judgment interest in accordance with North Dakota law.  Great American's Motion to Stay (Docket No. 9) is **DENIED** as moot.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court